UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BARNES,<br><br>        Petitioner,<br><br>    v.<br><br>HANFORD SUPERIOR COURT JUDGE ROBERTS,<br><br>        Respondent. | Case No. 1:20-cv-00836-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS THE CASE WITHOUT PREJUDICE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

    Petitioner Antoine Barnes, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Because petitioner is currently seeking state habeas relief on the claims raised in his federal

petition, we recommend that the court decline to exercise jurisdiction and dismiss the petition without prejudice.

**Discussion**

In *Younger v. Harris*, 401 U.S. 37, 44 (1971), the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity. *See id*. In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*." *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). Absent rare circumstances, a district court must dismiss such actions. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state proceeding appropriate.).

Here, petitioner claims that the state superior court violated his constitutional rights when it failed to award him certain custody credits under California law. ECF No. 1 at 3-4. Petitioner is currently seeking habeas relief before the state superior court on these same claims.[1] *Id*. at 5; *In re: Application of: Antoine D Barnes for Writ of Habeas Corpus*, No. 20W-0072A (Kings Cnty. Super. Ct. Apr. 10, 2020). Because his state habeas petition is still pending, this court should refrain from intervening in this case.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253;

---

[1] Petitioner also recently sought habeas relief in this court on the same claims raised here. *See Barnes v. Roberts*, No. 1:20-cv-00454-DAD-SKO (E.D. Cal. May 27, 2020). Because that petition was dismissed without prejudice for failure to exhaust, the instant petition is not considered "second or successive" for our purposes. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000). However, petitioner is directed to refrain from filing any additional habeas petitions with this court until his claim has been exhausted in the state courts.

*Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court decline to exercise jurisdiction under the *Younger* abstention doctrine, dismiss the case without prejudice to refiling once petitioner has exhausted his claims before the state courts, and decline to issue a certificate of appealability. ECF No. 1. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  June 23, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.