UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BARNES,<br><br>    Petitioner,<br><br>    v.<br><br>HANFORD SUPERIOR COURT JUDGE ROBERTS,<br><br>    Respondent. | Case No.   1:20-cv-00836-NONE-JDP<br><br>ORDER VACATING JUNE 23, 2020 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 9<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS AND TO DENY REQUEST FOR INJUNCTIVE RELIEF<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF Nos. 1, 13 |

      Petitioner Antoine Barnes, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner argues, in two related claims, that the California Department of Corrections and Rehabilitation ("CDCR") violated his Eighth Amendment right to be free from cruel and unusual punishment when it failed to award him certain custody credits under California law.[1] *Id*. at 3-4. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas

---

[1] Petitioner recently sought habeas relief in this court on these same claims. *See Barnes v. Roberts*, No. 1:20-cv-00454-DAD-SKO (E.D. Cal. May 27, 2020). Because that petition was dismissed without prejudice for failure to exhaust, the instant petition is not considered "second or successive.". *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

1

1  petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v.*

2  *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

3  Cir. 1998).  Because petitioner has failed to exhaust his claims before the state courts, we

4  recommend that the petition be dismissed without prejudice—allowing refiling if and when

5  petitioner's claims have been exhausted.  We also recommend that petitioner's request for

6  injunctive relief,[2] ECF No. 13, be denied.

7      **I.**    **Discussion**

8          **a.**  **Failure to Exhaust Claims**

9      On June 23, 2020, we recommended that the court dismiss the petition.  ECF No. 9

10  (findings and recommendations).  At that time, petitioner was seeking habeas relief in the Kings

11  County Superior Court on the same claims raised in the instant petition.  *Id*. at 5; *In re:*

12  *Application of: Antoine D Barnes for Writ of Habeas Corpus*, No. 20W-0072A (Kings Cnty.

13  Super. Ct. June 24, 2020).  Considering the pendency of the state habeas case, we recommended

14  that the court abstain from exercising jurisdiction over the case and dismiss the petition without

15  prejudice—permitting refiling if and when petitioner's claims were exhausted.  *See* ECF No. 9;

16  *Younger v. Harris*, 401 U.S. 37, 44 (1971).  On June 24, 2020, petitioner's superior court habeas

17  petition was denied.  *See In re: Application of: Antoine D Barnes for Writ of Habeas Corpus*, No.

18  20W-0072A.  Because his state habeas petition is no longer pending, we will vacate our June 23,

19  2020 findings and recommendations.  ECF No. 9.

20      However, petitioner faces another obstacle: he has failed to exhaust his claims before the

21  state courts.  The exhaustion doctrine, which requires a petitioner in state custody to exhaust state

22  judicial remedies before proceeding with a federal habeas petition, is based on comity and gives

23  the state courts the initial opportunity to correct alleged constitutional deprivations.  *See* 28

24  U.S.C. § 2254(b)(1); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  A petitioner can satisfy

25  the exhaustion requirement by providing the highest state court with a full and fair opportunity to

---

[2] Petitioner's request for injunctive relief is supported by an affidavit, ECF No. 14, which the court has taken into consideration.

consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, petitioner states that he has not sought review of his claims before either the intermediate or supreme state courts.[3] ECF No. 1 at 5. Although petitioner has submitted proof of a formal grievance that he submitted to his jail, this grievance does not exhaust his claims. ECF No. 11. Exhaustion requires that petitioner present his claims to the appropriate state courts. *See O'Sullivan*, 526 U.S. at 845. Therefore, his claims are unexhausted. Generally, federal courts must dismiss habeas petitions that contain unexhausted claims.[4] *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, we recommend that the petition be dismissed without prejudice to refiling after petitioner has exhausted his claims.

### b. Motion for Injunctive Relief

Petitioner moves for an "immediate restraining order" authorizing his immediate transfer to San Quentin prison, or, in the alternative, directing that he be released on parole. ECF Nos. 13, 14. A petitioner seeking preliminary injunctive relief, either in the form of a temporary restraining order or a preliminary injunction, must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such relief, that the balance of

---

[3] Moreover, we have reviewed the California Court's Appellate Courts Case Information listing for the petitioner and take judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* California Department of Corrections and Rehabilitation Inmate Locator, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Antoine Barnes"). Petitioner has neither sought relief in the California Court of Appeal nor the California Supreme Court for the conviction and sentence he challenges in the instant petition.

[4] Alternatively, petitioner may seek to avoid dismissal through seeking a stay and abeyance of his petition under the *Rhines* procedure. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). However, petitioner may find it unnecessary to do so considering the procedural history of his state cases. Petitioner challenges CDCR's ongoing calculation of his custody credits in relation to his March 24, 2020 criminal sentence. His state superior court habeas petition was denied mere weeks ago and petitioner must now seek relief before the state appellate and supreme courts. ECF No. 1 at 2. Considering AEDPA's one-year statute of limitations and the availability of statutory tolling during the pendency of state collateral proceedings, petitioner, acting diligently, will likely be able to file a fully exhausted federal petition in a timely manner. *See* 28 U.S.C. § 2244(d). However, if petitioner wishes to seek a stay under *Rhines*, he must show good cause for his failure to exhaust his claims in state court, that his claims are not plainly meritless, and that he has not engaged in abusive litigation tactics. *See Rhines*, 544 U.S. at 278.

3

equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Petitioner has failed to make the showing required for injunctive relief. First, he has not demonstrated a likelihood of success on the merits of his underlying claims. To state a cognizable claim for federal habeas relief, petitioner must claim that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, although petitioner claims that CDCR is violating his Eighth Amendment rights, he has failed to cite to any "clearly established federal law" that supports his arguments. *Id*. § 2254(d). Rather, he claims that CDCR has violated state law.[5] Second, petitioner has not shown that he will suffer irreparable harm absent injunctive relief. Although petitioner states that he is being discriminated against in his current place of incarceration, these claims are vague and conclusory. Third, petitioner has not shown how the balance of equities tips in his favor. Petitioner has neither provided proof that he is currently eligible for parole nor cited to any legal proposition supporting his request to move to San Quentin prison. *See Schulze v. Fed. Bureau of Prisons*, No. 19-00669 JAO-WRP, 2019 U.S. Dist. LEXIS 218643, at *6 (D. Haw. Dec. 20, 2019) (noting that "a prisoner has no right to incarceration in a particular place"). Fourth, petitioner has not shown how the relief requested is in the public interest. (San Quentin prison is currently experiencing a large outbreak of COVID-19—a new prisoner entering the facility likely poses risks to both that prisoner and the general prison population.[6]) And petitioner has failed to demonstrate how the public interest would be served by his early release on parole. Accordingly, we recommend that petitioner's request for injunctive relief be denied.[7]

---

[5] We take no position on whether petitioner could state meritorious claims in a future, fully-exhausted petition with appropriate citations to clearly established federal law.

[6] *See* California Department of Corrections and Rehabilitation, https://www.cdcr.ca.gov/covid19/san-quentin-state-prison-response/ (last visited July 30, 2020) ("[In response to COVID-19,] CDCR has halted the transfer of any inmates into or out of San Quentin and any state prison except for emergencies.").

[7] Petitioner also submitted a letter to the Clerk of Court describing his two civil rights actions pending in this court, both of which challenge the conditions of his confinement. ECF No. 14 at 3-4; *see Barnes v. Blackburn, et al.*, No. 1:20-cv-00333-DAD-EPG (E.D. Cal. Mar. 4, 2020); *Barnes v. Van Ness, et al.*, No. 1:20-cv-00625-NONE-EPG (E.D. Cal. May 1, 2020). To the extent petitioner seeks relief from the same circumstances as those contained in his pending civil

## II. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, we recommend that the court not issue a certificate of appealability.

## III. Findings and Recommendations

We recommend that the court dismiss the petition without prejudice, ECF No. 1, deny petitioner's motion for injunctive relief, ECF No. 13, and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, we submit the findings and recommendations to the U.S. District Court judge presiding over the case. Within thirty days of the service of the findings and recommendations, any party may file written objections to the

---

rights actions, he must file a motion for relief in those cases. If petitioner wishes to raise new, unrelated civil rights claims, he should do so in a new civil rights action—such claims are not cognizable on habeas review. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (explaining that requests for relief turning on circumstance of confinement should be presented in a civil rights action, not a habeas action). Additionally, petitioner seeks assistance filing a "full name, face, body picture patent." ECF No. 14 at 4. Petitioner's request for this assistance is not cognizable here—habeas relief is limited to claims challenging the "validity of any confinement or to particulars affecting its duration." *Muhammad*, 540 U.S. at 750. Finally, petitioner is advised that any future requests for relief should be presented as motions to the court. No relief will be granted based on letters addressed to the Clerk of Court.

findings and recommendations.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**IV.   Order**

The June 23, 2020 findings and recommendations, ECF No. 9, are vacated.

IT IS SO ORDERED.

Dated:   July 30, 2020                                   _____
                                                                              UNITED STATES MAGISTRATE JUDGE

No. 206.