UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BARNES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HANFORD SUPERIOR COURT JUDGE ROBERTS,<br><br>　　　　　Respondent. | Case No.   1:20-cv-00836-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND TO DENY REQUEST FOR INJUCTIVE RELIEF<br><br>(Doc. No. 15) |

　　　　Petitioner Antoine Barnes, a state prisoner proceeding without counsel, has petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.)  In this federal habeas proceeding, petitioner argues that the California Department of Corrections and Rehabilitation violated his Eighth Amendment right to be free from cruel and unusual punishment when it failed to award him certain custody credits due to him under California law. (*Id*. at 3-4.)  Petitioner also sought an order authorizing his immediate transfer to San Quentin prison, or, in the alternative, directing state authorities that he be released on parole. (Doc. Nos. 13, 14.)

　　　　Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.  On July 31, 2020, the assigned magistrate judge recommended dismissal of petitioner's habeas petition due to his failure to

exhaust his claims in state court and denial of his request for injunctive relief. (Doc. No. 15.) Petitioner did not provide the highest state court with an opportunity to consider his habeas claim, and he did not make the requisite showings under the law for a preliminary injunction. (*Id*. at 2–4.) Petitioner has not filed any objections to the pending findings and recommendations despite being given the opportunity to do so.

Pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo* and finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations.

The court must now turn to whether a certificate of appealability should be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations issued on July 31, 2020 (Doc. No. 15) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED due to petitioner's failure to first exhaust his claims in state court;
3. Petitioner's request for injunctive relief (Doc. Nos. 13, 14) is DENIED;
4. The court DECLINES to issue a certificate of appealability; and

/////

/////

5. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: __**December 8, 2020**__          ___*Dale A. Drozd*___
                                        UNITED STATES DISTRICT JUDGE